UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CERISSA R. NEAL                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:24-CV-100-DPJ-ASH

UMB BANK, NATIONAL ASSOCIATION; MCCALLA, RAYMER,
LEIBERT, PIERCE, LLC; NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER; FAY SERVICING, LLC;
and SIDNEY NEAL, JR.                                               DEFENDANTS

ORDER

        This removed civil action is before the Court on motion of Defendant Nationstar

Mortgage d/b/a Mr. Cooper to dismiss [8] Plaintiff Cerissa Neal's claims.  Neal responded in

opposition and included an alternative request to amend her Complaint.  Resp. [21].  For the

reasons explained below, the Court finds additional briefing is necessary to establish subject-

matter jurisdiction before the Court can address the motion to dismiss.

I.      Facts and Procedural History

        Plaintiff Cerissa Neal filed this Emergency Complaint for a Temporary Restraining Order,

Preliminary and Permanent Injunction, Accounting, and Other Relief in state court, seeking to

halt the January 25, 2024 foreclosure sale of her home.  Compl. [1-1] at 6.  As background,

Cerissa Neal and Defendant Sidney Neal, Jr. executed a deed of trust on June 23, 2014, for a

home in Madison, Mississippi.  *Id.* at 4.  Defendant UMB Bank held the mortgage loan, and

Defendant Nationstar Mortgage, doing business as Mr. Cooper, serviced that loan.  *Id.* at 5.  Neal

claims Nationstar "provided pandemic relief" that was scheduled to end on March 31, 2023.  *Id.*

        On April 1, 2023, Defendant Fay Servicing assumed servicing of the loan, and about a

month later, it sent Neal a demand letter "requesting that all pandemic relief payments be paid

immediately."  *Id.*  Neal says Fay Servicing would not recognize Nationstar's pandemic relief,

failed to offer a modification, and then refused to accept payments, opting to begin foreclosure proceedings. *Id.* On December 22, 2023, Neal received notice of the January 24, 2024 foreclosure sale from the Substitute Trustee, Defendant McCalla, Raymer, Leibert, Pierce, LLC. Notice of Sale [1-1] at 113.[1]

Neal responded by filing this lawsuit, naming as defendants Sidney Neal, UMB Bank, Nationstar, Fay Servicing, and the Substitute Trustee. She advances three counts against Defendants collectively, titled Injunctive Relief; Equitable Accounting; and Punitive Damages and Attorney's Fees. Compl. [1-1] at 6–8. As relief, she seeks to stop the foreclosure sale, to obtain access to financial records related to the debt, and monetary damages. *Id.* at 6–8.

Nationstar removed the case to this Court, citing jurisdiction based on federal question and diversity of citizenship. Notice [1] at 2–6 (filed Feb. 16, 2024); *see* 28 U.S.C. §§ 1331 and 1332. And it now moves to dismiss Neal's claims against it, claiming the federal law implicated in the Complaint does not provide a private right of action. As mentioned, the Court must first examine its subject-matter jurisdiction.

II.     Jurisdiction

    A.     Legal Standard

Federal courts are courts of limited jurisdiction and "have an independent obligation to assess our own jurisdiction before exercising the judicial power of the United States." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal

---

[1] Plaintiff initially named Robert M. Peebles, III, as a defendant; Peebles signed the Notice of Sale. On May 31, 2024, United States Magistrate Judge Andrew S. Harris granted Plaintiff's unopposed motion to substitute party, substituting Peebles's firm, McCalla, Raymer, Leibert, Pierce, LLC, for Peebles. May 31, 2024 Text-Only Order.

jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

      B.      Diversity of Citizenship

      Under 28 U.S.C. § 1332, district courts have jurisdiction over civil actions between "citizens of different States" if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The diversity statute requires complete diversity between all named plaintiffs and all named defendants.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

      It appears the amount in controversy is met; the outstanding balance on Neal's loan is $160,000.  Compl. [1-1] at 10 (Ex. A); Notice [1] at 12.  As for citizenship, Plaintiff Cerissa Neal is a citizen of Mississippi, Compl. [1-1] at 1; UMB Bank is a citizen of Missouri, UMB Disclosure [15]; and Nationstar and Fay Servicing, LLC, insist they are diverse in that none of their members (or the members of their members) are citizens of Mississippi, Notice [1] at 9–10; *see also* Nationstar Disclosure [10]; Fay Servicing Disclosure [14].  The other individual defendant—Sidney Neal—is a Mississippi resident and, if properly joined, destroys diversity jurisdiction.  Compl. [1-1] at 3.[2]

---

[2] As mentioned, McCalla, Raymer, Leibert, Pierce, LLC, was recently substituted for Peebles as the Substitute Trustee.  In the Notice of Removal, Nationstar explains that "the overwhelming weight of authority dictates that a Substitute Trustee to a foreclosure is only a nominal defendant for jurisdictional purposes."  Notice [1] at 11; *see Sones v. Simmons*, No. 1:05-CV-424-KS-MTP, 2006 WL 2805325, at *2 (S.D. Miss. Sept. 25, 2006) (finding "substituted trustee is a nominal party and is not considered for purposes of diversity"); *see also Clark v. Deutsche Bank Nat. Tr. Co.*, No. 2:12-CV-231-KS-MTP, 2013 WL 1402369, at *2 (S.D. Miss. Apr. 5, 2013) (finding same, denying motion to remand, and dismissing substitute trustee); *Hawkins v. Wells Fargo Bank, N.A.*, No. 1:07-CV-399-LTS-JMR, 2008 WL 216529, at *1 (S.D. Miss. Jan. 23, 2008) (finding the substitute trustee is a nominal party and denying motion to remand).  Having considered the relevant caselaw, the Court agrees; the Substitute Trustee is a nominal party.

1. Sidney Neal

Nationstar says Sidney Neal is improperly joined "because Plaintiff does not assert any causes of action against him." Notice [1] at 11. Sidney Neal is named in the Complaint as an "Interested Party" based on his execution of the Deed of Trust. Compl. [1-1] at 3; *see id.* at 4; Notice [1] at 11 (describing Sidney Neal as Plaintiff's ex-husband). That said, Sidney Neal is also named on all correspondence sent by Nationstar and Fay Servicing. *See, e.g.*, Compl. [1-1] at 10, 13, 86, 88, 102. And he is listed on the Substitution of Trustee (as a borrower), on the letter announcing the foreclosure sale, and on the Substitute Trustee's Notice of Sale. *Id.* at 105, 110, 113.

In short, it appears Sidney Neal may be a co-borrower on this loan. *See* Compl. [1-1] at 81 (identifying a mortgage debt to Fay Financial as "Joint"). Admittedly, the Court has not taken a deep dive on this issue, but it is reluctant to declare Sidney Neal improperly joined without the benefit of further briefing. *See Ouabderhm v. Money Source, Inc.*, No. CV H-19-1429, 2019 WL 3318733, at *3 (S.D. Tex. July 24, 2019) ("Because Bush cosigned the note and deed of trust, 'it is clear that [he] has at least as much of an interest in this dispute as' Ouabderhm." (quoting *Clark v. Deutsche Bank Nat. Tr. Co.*, No. 2:12-CV-231-KS-MTP, 2013 WL 3821568, at *6 (S.D. Miss. July 23, 2013) (emphasis omitted)); *see also Doe v. Peoples*, 394 F. Supp. 3d 655, 659 (S.D. Miss. 2019) (noting "many of the [ ] district judges in this circuit–maybe even a majority–have rejected the use of realignment of parties to create diversity jurisdiction in a removed case"); *Sones*, 2006 WL 2805325, at *2 (finding ex-husband should be realigned as a plaintiff).

2.      Nationstar and Fay Servicing

a.      Nationstar

At the direction of United States Magistrate Judge Harris, Nationstar amended its Rule

7.1 disclosure statement on May 15, 2024.  Am. Disclosure [32]; Order [31].  This Amended

Disclosure confirms Nationstar is diverse.

b.      Fay Servicing

Before Judge Harris entered his Order [31] as to Nationstar, Fay Servicing filed a motion

for leave to file its Rule 7.1 disclosure statement under seal.  Mot. [30].  It maintains that the

"identity of Fay Management's members is highly proprietary[.]"  *Id.* at 2.  Fay Servicing says:

> 8.  Since jurisdiction here is based on federal question jurisdiction in addition to
> diversity jurisdiction and because Rule 7.1(a)(2) only applies to "action[s] in
> which jurisdiction is based on diversity," this disclosure is not necessary for the
> Court to retain jurisdiction.
>
> 9.  If the Court finds it necessary and appropriate, Fay Servicing is willing to
> disclose its members under seal to prove that none of its members are citizens of
> Mississippi and that removal was proper under both diversity and federal question
> jurisdiction.
>
> 10.  To the extent Fay Servicing is not permitted to disclose its members under
> seal, Fay Servicing will rely upon federal question as the basis for jurisdiction.

*Id.*  This motion [30] is still under consideration by Judge Harris.

In short, Fay Servicing's citizenship is not yet established.  And while it believes federal-

question jurisdiction is satisfied, as described below, the Court has doubts.

C.      Federal Question

Under 28 U.S.C. § 1331, district courts also have jurisdiction over civil actions "arising

under the Constitution, laws, or treaties of the United States."  "The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

But two exceptions exist. First, federal jurisdiction is satisfied "where the vindication of

a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax*

*Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 9 (1983). As explained by the Fifth Circuit,

> "[T]he question is, does a state-law claim necessarily raise a stated federal issue,
> actually disputed and substantial, which a federal forum may entertain without
> disturbing any congressionally approved balance of federal and state judicial
> responsibilities." In other words, federal question jurisdiction exists where (1)
> resolving a federal issue is necessary to resolution of the state-law claim; (2) the
> federal issue is actually disputed; (3) the federal issue is substantial; and (4)
> federal jurisdiction will not disturb the balance of federal and state judicial
> responsibilities.

*Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons Metal*

*Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (internal citation omitted).

"The second circumstance in which federal question jurisdiction can be brought to the

surface of a complaint drafted in the language of state law is that in which the federal claims

completely preempt the state law claims." *Greer v. MAJR Fin. Corp.*, 105 F. Supp. 2d 583, 587

(S.D. Miss. 2000) (quoting *Wynn ex rel. Ala. v. Philip Morris, Inc.*, 51 F. Supp. 2d 1232, 1238

(N.D. Ala. 1999)); *see Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (noting

"complete preemption is a 'narrow' exception to the well-pleaded complaint rule" (quoting

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003))).

       1.     Neal's Complaint

Neal does not reference or invoke a federal statute on the face of her state-court

Complaint. But she does attach a copy of 12 C.F.R. § 1024.38, a section of the Real Estate

Settlement Procedures Act (RESPA) Regulation X, titled "General servicing policies, procedures,

and requirements." Comp. [1-1] at 122–27 (Ex. B). She also includes a copy of a Consent Order

6

from an Administrative Proceeding before the Consumer Financial Protection Bureau involving Fay Servicing.  *Id.* at 128–78 (Ex. C) (dated June 6, 2017).  The CFPB "reviewed the mortgage servicing practices of Fay Servicing . . ., specifically related to its handling of loss-mitigation applications and its implementation of foreclosure protections required to be afforded to borrowers engaged in the loss-mitigation process[.]"  *Id.* at 128.  It found Fay Servicing violated 12 C.F.R. §§ 1024.41 and 1024.38.  *Id.* at 128–29.

In its Notice of Removal, Nationstar submits that Neal's Complaint "necessarily hinges" on RESPA so her claims arise under federal law.  Notice [1] at 6.  Neal contends, in her Complaint, that Nationstar offered her a modification "but cannot produce the modification application . . . in violation of their servicing guidelines."  Compl. [1-1] at 6.  Nationstar ties these allegations to two specific RESPA provisions, 12 C.F.R. §§ 1024.38(c)(1) and 1024.38(c)(2)(v).  Notice [1] at 3.  It adds that Neal's allegations against Fay Servicing touch on § 1024.41, "which pertains to loss mitigation procedures," as well as the Consent Order.  *Id.* at 4.

Nationstar insists that RESPA claims are removable, citing *Bryant v. Hope Credit Union*, No. 1:19-CV-249-LG-RHW, 2019 WL 2492284, at *2 (S.D. Miss. June 14, 2019) and *Hopson v. Specialized Loan Servicing, LLC*, No. 3:17-CV-832-DPJ-FKB, 2018 WL 1178959, at *1 (S.D. Miss. Mar. 6, 2018)).  Notice [1] at 7.  But in both *Bryant* and *Hopkins*, the plaintiffs advanced violations of federal law on the face of their complaints.  *Bryant*, 2019 WL 2492284, at *2 ("Plaintiffs' complaint clearly states causes of action pursuant to two federal statutes[.]"); *Hopson*, 2018 WL 1178959, at *1 ("[T]he Hopsons plead numerous federal claims in their Complaint.").  That is not the case here.

Again, the Court has not taken a deep dive on this issue, but at least two judges in this district found federal-question jurisdiction lacking in similar circumstances.  *See Reed v. Chase*

7

*Home Fin., LLC*, No. 1:09-CV-339-HSO-JMR, 2010 WL 378116, at *2 (S.D. Miss. Jan. 28, 2010) (applying the complete-preemption approach and finding "neither RESPA nor Regulation 'X' can serve as a basis for removal jurisdiction"); *Ball v. Argent Mortg. Co., LLC.*, No. 3:06-CV-587-TSL-JCS, 2007 WL 710156, at *4 (S.D. Miss. Mar. 6, 2007) (examining both exceptions to the well-pleaded-complaint rule and finding federal-question jurisdiction lacking).

2.     Nationstar's Motion to Dismiss

The jurisdictional analysis is also thorny considering Nationstar's motion to dismiss. Nationstar submits that, while Neal's allegations necessarily hinge on RESPA, "RESPA does not create a private right of action to enforce § 1024.38."  Mem. [9] at 5 (quoting *Lackie v. PHH Mortg. Corp.*, No. 3:17-CV-377, 2018 WL 4409799, at *2 (N.D. Tex. Sept. 17, 2018)). So her claims should be dismissed.  *Id.*

Neal agrees there is no private right of action but explains that § 1024.38's guidelines are "incorporated by reference" into Nationstar's contracts and that breach-of-contract claims "based on a failure to comply with HUD regulations are 'viable where the mortgage instrument expressly incorporates HUD regulations.'"  Resp. [20] at 4 (quoting *Dorado v. Bank of Am., N.A.*, No. 1:16-CV-21147, 2016 WL 3924115, at *5 (S.D. Fla. July 21, 2016)).  Neal includes a passing request to amend her Complaint, presumably because it does not allege breach of contract.  *Id.* at 6.  Nationstar then counters that amendment "would be futile because the Deed of Trust does not incorporate 12 C.F.R. § 1024.38."  Reply [22] at 6.

All this is to say, the Court is concerned that subject-matter jurisdiction is lacking, and these concerns must be addressed before the motion to dismiss can be considered.

III.     Conclusion

Nationstar is directed to supplement its Notice of Removal within 14 days of this Order, addressing both diversity and federal-question jurisdiction.  Plaintiff is invited to file a Response to the Supplement within 7 days if she chooses.

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE