UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CERISSA R. NEAL PLAINTIFF

V. CIVIL ACTION NO. 3:24-CV-100-DPJ-ASH

UMB BANK, NATIONAL ASSOCIATION, ET AL. DEFENDANTS

ORDER

Plaintiff Cerissa R. Neal believes Defendants UMB Bank, National Association (UMB Bank) and Fey Servicing, LLC (Fey Servicing) violated their settlement agreement with her. After she moved [42] to enforce the agreement, Defendants moved to strike her motion based largely on procedural grounds. Defs.' Mot. [45]. But because Neal is proceeding pro se, and for other reasons stated below, the Court denies the motion to strike.

I. Facts and Procedural History

This case began in January 2024, when Neal sued UMB Bank, Fey Servicing, PRL Title Trust 1 (PRL), Substitute Trustee Robert M. Peebles, III, and John Does 1-10 in the Chancery Court of Madison County, Mississippi. *See* Compl. [1-1] at 2–3. There, Neal sought a "temporary restraining order, preliminary and permanent injunction, accounting and other relief." *Id.* at 1 (capitalization altered). The primary dispute was between Neal and her mortgage servicer, Fey Servicing, about when pandemic relief payments were to be made. *Id.* at 5. Neal's home was eventually scheduled for a foreclosure sale. *Id.* at 6. Neal accused Fey Servicing and other Defendants of failing to follow servicing guidelines and neglecting "to take required steps to help Plaintiff avoid foreclosure," among other failures. *Id.* The case was removed to this Court. *See* Notice [1] at 1.

On September 20, 2024, the Court entered an order of dismissal after United States Magistrate Judge Andrew S. Harris negotiated a settlement. *See* Order of Dismissal [41]. That Order stated, "If any party fails to comply with the terms of this settlement agreed to by all parties, any aggrieved party may reopen the case for enforcement of the settlement agreement." *Id.*

On May 8, 2026, Neal filed a Motion to Compel Enforcement of the Settlement Agreement. Pl.'s Mot. [42]. Defendants Fey Servicing and UMB Bank then moved to strike that motion. Defs.' Mot. [45]. Defendants alternatively sought additional time to respond to Neal's motion. *Id.*

## II. Standards

Defendants premise their motion on Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). But motions are not pleadings. *See* Fed. R. Civ. P. 7 (listing pleadings). "[T]hus motions . . . are not subject to Rule 12(f)." *Sharkey v. Humphreys Cnty.*, No. 4:18-CV-00017-JMV, 2020 WL 2527027, at *1 (N.D. Miss. May 18, 2020) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1380 (3d ed.)). That said, courts have inherent authority to regulate procedural compliance, which includes striking motions. *See Victor F. ex rel. Gene F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 636 (5th Cir. 1986) (finding no abuse of discretion in order striking motion).

## III. Analysis

Defendants raise six primary arguments for striking this motion: (1) Neal filed it pro se before her attorney withdrew; (2) Neal violated Local Civil Rule 79; (3) judicial estoppel bars

her motion; (4) Neal sought relief before moving to reopen the case; (5) the motion violates the agreement's notice-of-failure protocol; and (6) Neal violated Local Civil Rule 7.

A. Substantive Arguments

The judicial-estoppel and notice-protocol arguments speak to substantiative legal disputes over Neal's motion. Those disputes raise questions of law and fact. But

> [a] disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (footnotes omitted). The Court will consider these arguments when addressing Neal's motion; they are not a basis to strike the motion outright.[1]

B. Procedural Arguments

The rest of Defendants' points are based on Neal's procedural errors. But the Court is not convinced Neal, a pro se plaintiff, should lose her day in court for these alleged errors given that there is no apparent prejudice to Defendants. And that is especially true considering Neal's efforts to remedy the defects after they were brought to her attention.

For example, after Defendants noted that she failed to follow Local Civil Rule 79 and protect confidential information, she sought and received an order to seal documents. *See* Pl.'s Mot. [50]; June 1, 2026 Text-Only Order (sealing the settlement agreement). Similarly, she almost immediately filed a motion to reopen the case after Defendants argued that she should have done that before seeking enforcement. *See* Pl.'s Mot. [49] (filed three days after

---

[1] When addressing judicial estoppel, the parties are advised to consider *Keathley v. Buddy Ayers Construction, Inc.*, 608 U.S. 647 (2026).

Defendants' motion to strike). While pro se litigants should follow the rules, Defendants' requested remedy is too draconian under these circumstances. The issues should be decided on the merits.

## IV. Alternative Relief and Other Pending Motions

Aside from her motion to enforce [42], Neal has now filed five additional motions. Defendants have not responded, but they alternatively seek thirty days to respond to the motion to enforce. Defs.' Mot. [47] at 2–3. They also seek such other relief "as this Court deems just and proper." *Id.* at 3.

The Court will grant Defendants' requested extension to respond to Neal's motion to enforce and give Defendants time to respond to the other motions. But 30 days is unnecessary. Defendants have obviously considered the motion to enforce and have raised substantive arguments in the motion to strike. The other motions seem easy to address if they are not conceded. Accordingly, Defendants' responses to all pending motions are due within 14 days of entry of this Order. Consistent with Local Rule 7, Neal will have seven days to reply if she chooses.

## V. Conclusion

The Court has considered all arguments. Any argument not discussed would not have changed the outcome. For the reasons explained, the Court denies Defendants' motion to strike [45]. The Court grants Defendants' motion for an extension of time [47]. Responses to all pending motions [42, 49, 55, 56, 57, 59] are due within 14 days of entry of this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE